UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMONTREY ANDRE CUNNINGHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>RAMON PABON, and HERMAN ESPINOZA,<br><br>    Defendants. | Case No. 1:20-cv-00862-EPG (PC)<br><br>SCREENING ORDER<br><br>ORDER ALLOWING PLAINTIFF'S COMPLAINT TO PROCEED AGAINST DEFENDANTS RAMON PABON AND HERMAN ESPINOZA FOR EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT<br><br>(ECF NO. 1) |

    Plaintiff, Demontrey Andre Cunningham, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On June 23, 2020, Plaintiff filed his complaint, which is now before the Court for screening. (ECF No. 1).

    The Court finds that Plaintiff has stated a cause of action against Defendants Ramon Pabon and Herman Espinoza for excessive force in violation of the Eighth Amendment.

**I.    SCREENING REQUIREMENT**

    The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Under Federal Rule of Civil Procedure 8(a), a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*.

## II.     SUMMARY OF PLAINTIFF'S COMPLANT

Plaintiff brings a claim for cruel and unusual punishment in violation of the Eighth Amendment against Defendants, Ramon Pabon and Herman Espinoza.

Plaintiff alleges that Defendant Ramon Pabon used pepper foam spray, an expandable baton and his clenched fist and feet on Plaintiff, spraying Plaintiff twice, beating him with the baton, striking him numerous times, and punching and kicking Plaintiff in his ribs and thigh area. Plaintiff claims that this force was unnecessary and excessive.

Plaintiff alleges that Defendant Herman Espinoza failed to intervene while Defendant Pabon intentionally assaulted, and used unauthorized and unjustifiable force on, Plaintiff; that Defendant Espinoza allowed Defendant Pabon to cause deliberate pain and suffering to

Plaintiff, and that Defendant Espinoza could have prevented this if he "did his job to intervene and protect." Plaintiff alleges that this incident occurred on June 29, 2017.

### III. SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there

must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### IV.     ANALYSIS OF PLAINTIFF'S COMPLAINT

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not…use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. McMillian*, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is… whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7 (citing *Whitley v. Albers*, 475 U.S. 312 (1986)).

When determining whether the force was excessive, the court looks to the "extent of the injury suffered by an inmate…, the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321). While *de minimis* uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson*, 503 U.S. at 9 (citing Whitley, 475 U.S. at 327). Further, "a prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir.1995); *see Knapps v. City of Oakland*, 647 F.Supp.2d 1129, 1163 (N.D.Cal.2009) ("A reasonable officer could not have reasonably but mistakenly believed that he had no duty to intervene to stop another officer in their immediate presence from inflicting excessive force on a subject when they could have prevented it.").

Plaintiff states a claim for excessive force in violation of the Eighth Amendment against Defendants. Accepting the allegations in the complaint as true, and viewing the allegations in Plaintiff's favor, Defendant Pabon's alleged conduct does not appear to be a good-faith effort

to maintain or restore discipline but instead a malicious and sadistic use of force to cause harm, and Defendant Espinoza failed to intervene to stop this use of force. This finding merely allows this claim to proceed past the pleading stage, construing all facts in favor of Plaintiff at this stage, and does not consider any legitimate reasons Defendants may have had for the use of force, the failure to intervene, or any other defenses Defendants may have.

## V. CONCLUSION

The Court has screened the complaint and finds that it states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants.

Accordingly based on the foregoing, it is HEREBY ORDERED that this action proceed against Defendants Ramon Pabon and Herman Espinoza for excessive force in violation of the Eighth Amendment. The Court will issue a separate order directing that the complaint be served on Defendants.

IT IS SO ORDERED.

Dated:  **September 30, 2020**                    /s/ *Erica P. Grosjean*
                                                                  UNITED STATES MAGISTRATE JUDGE