UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMONTREY ANDRE CUNNINGHAM,<br><br>Plaintiff,<br><br>v.<br><br>RAMON PABON, et al.,<br><br>Defendants. | 1:20-cv-00862-EPG (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER CASE TO THE CENTRAL DISTRICT OF CALIFORNIA<br><br>(ECF No. 18) |

Plaintiff Demontrey Andre Cunningham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Defendants Ramon Pabon and Herman Espinoza's ("Defendants") motion to transfer venue. (ECF No. 18.)

Plaintiff filed his complaint on June 23, 2020, alleging excessive force in violation of the Eighth Amendment against Defendants. (ECF No. 1.) Plaintiff's complaint alleges that the events giving rise to this action occurred at the California Institution for Men. (*Id.*) On September 30, 2020, the Court entered a screening order finding that Plaintiff had stated a cognizable claim for excessive force in violation of the Eighth Amendment. (ECF No. 13.) The Court concurrently entered an order finding service of the complaint appropriate and directing service on Defendants. (ECF No. 14.)

1    Defendants filed their motion to transfer venue on December 10, 2020. (ECF No. 18.)
2 According to the motion, the incident that is the subject of this action occurred at the California
3 Institution for Men, which is located in Chino, San Bernardino County, California. (*Id.* at 3-4.)
4 Therefore, the proper venue is the United States District Court for the Central District of
5 California because a substantial part of the alleged events or omissions giving rise to Plaintiff's
6 claim occurred in that district. (*Id.*) Furthermore, Defendants reside in San Bernardino County,
7 and most of the potential witnesses, including Defendants, are located in the Central District. (*Id.*
8 at 3-5.) Therefore, Defendants request that this action be transferred to the Central District. (*Id.* at
9 6.) Plaintiff did not file an opposition or otherwise respond to the motion.

10    The federal venue statute requires that a civil action, other than one based on diversity
11 jurisdiction, be brought only in: (1) a judicial district where any defendant resides, if all
12 defendants reside in the same state, (2) a judicial district in which a substantial part of the events
13 or omissions giving rise to the claim occurred, or a substantial part of the property that is the
14 subject of the action is situated, or (3) a judicial district in which any defendant may be found, if
15 there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

16    In this case, Defendants do not reside in this district and the claim arose in San Bernardino
17 County, which is in the Central District. Therefore, Plaintiff's action should have been filed in the
18 Central District. In the interest of justice, a federal court may transfer a complaint filed in the
19 wrong district to the correct district. *See* 28 U.S.C. § 1406(a); *Starnes v. McGuire*, 512 F.2d 918,
20 932 (D.C. Cir. 1974).

21    Accordingly, IT IS HEREBY ORDERED that Defendants' motion to transfer venue (ECF
22 No. 18) is GRANTED and this matter is transferred to the United States District Court for the
23 Central District of California.

IT IS SO ORDERED.

Dated:   **February 4, 2021**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

2